**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**Huntington Division**

**DENISE HOLLAND,**
**individually and on**
**behalf of a class of persons,**

**Plaintiff,**

**v.** **Civil Action No.** 3:25-cv-00208

**MIDLAND CREDIT MANAGEMENT, INC.,**

**Defendant.**

# NOTICE OF REMOVAL

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA:

Pursuant to 28 U.S.C. sections 1332, 1441(a) and 1446, Defendant Midland Credit Management, Inc. ("MCM") hereby gives notice of the removal of this action from the Circuit Court of Wayne County, West Virginia, to the United States District Court for the Southern District of West Virginia, Huntington Division. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because Plaintiff Denise Holland ("Plaintiff") and MCM are citizens of different states and because the amount in controversy exceeds $5,000,000 exclusive of interest and costs. As grounds for removal, MCM states as follows:

## I. BACKGROUND

1. On February 21, 2025, Plaintiff filed a Class Action Complaint (the "Complaint") in the Circuit Court of Wayne County, West Virginia, against MCM. The Complaint is captioned *Denise Holland, individually and on behalf of a class of persons v. Midland Credit Management, Inc.* and was assigned Civil Action No. CC-50-2025-C-25 (the "State Court Action"). A true and

correct copy of the State court docket, the Complaint and all other documents served upon MCM are attached hereto as **Exhibit A**. *See* 28 U.S.C. § 1446(a).

2. Through its registered agent, MCM was served with the Complaint on February 27, 2025.

3. The Notice of Removal is timely because it is being filed with the Court within 30 days from the date MCM was first apprised of this matter and served with a copy of the Complaint. *See* 28 U.S.C. §§ 1446(b), 1453(b); *Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

4. The Complaint asserts claims on behalf of Plaintiff and a class of similarly situated individuals for violations of the West Virginia Consumer Credit and Protection Act ("WVCCPA"), based upon allegations that MCM falsely represented the legal status of West Virginia consumer debts.

5. Plaintiff seeks a myriad of relief for themselves and purported class members, including monetary damages, statutory penalties, and interest. *See* **Ex. A**, Compl. at "Demand for Relief."

6. MCM denies the allegations set forth in the Complaint, denies that Plaintiff has stated a claim for which relief may be granted, individually or otherwise, and denies that Plaintiff or any member of the purported class has been damaged in any manner.

7. However, presuming, for jurisdictional purposes only, that Plaintiff's claims are valid, the Complaint could have originally been filed in this Court pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(1)-(11) ("CAFA").

8. Accordingly, removal is proper because this Court has original jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. section 1332(d)(2). *See* 28 U.S.C. § 1441.

## II. GROUNDS FOR REMOVAL

9. This Court has original subject matter jurisdiction over Plaintiff's class claims under CAFA.

10. CAFA provides for original jurisdiction in federal court of any claim brought under Federal Rule of Civil Procedure 23 or any similar state statute authorizing a person to represent a class of claimants. *Id.* § 1332(d)(1)(B); *Delebreau v. Bayview Loan Serv., LLC*, No. 6:09-cv-245, 2011 U.S. Dist. LEXIS 4694, at *9 (S.D.W. Va. Jan. 18, 2011). The purported class must have at least one putative member who is of diverse citizenship to the defendant ("minimal diversity"), 100 or more class members, and claims that in the aggregate exceed $5,000,000. *Id.* § 1332(d)(2)(A), (d)(5)(B); *Dominion Energy, Inc. v. City of Warren Police & Fire Ret. Sys.*, 928 F.3d 325, 330 (4th Cir. 2019). A class action filed in state court that satisfies the requirements of section 1332(d) may be removed to federal court. *See* 28 U.S.C. § 1457; *Dominion Energy*, 928 F.3d at 330. Because all the above elements are satisfied, this Court has original subject matter jurisdiction over this case.

11. Plaintiff filed the class claims pursuant to Rule 23 of the West Virginia Rules of Civil Procedure, which govern procedure in the courts of the State of West Virginia. Plaintiff defines the purported class as follows:

> All persons with a West Virginia address who were sent collection letters on or after August 28, 2020, by MCM where the alleged debt sought to be collected was beyond the applicable statue of limitations for filing a legal action for collection when:

a. The initial letter sent on or after August 28, 2020 did not contain the disclosures required by the WVCCPA, West Virginia Code §46A-2-128(f); or

b. Any letter contained (sic) the words "As the legal owner of this account we are entitled to repayment," or

c. Any letter stated (sic), "we will review your account for further collection activities," or "we will continue collection efforts."

**Ex. A**, Compl. ¶ 9.

12. Plaintiff seeks damages for purported class members, as outlined above, including civil penalties, actual and compensatory damages, reasonable attorneys' fees and costs, and pre- and post-judgment interest.

**A. Diversity of Citizenship**

13. Minimal Diversity exists between the parties, meaning at least one member of the class of plaintiff—here, Plaintiff—is a citizen of a state different from MCM. 28 U.S.C. § 1332(d)(2)(A).

14. Plaintiff is a citizen of Wayne County, West Virginia. *See* **Ex. A**, Compl. ¶ 1.

15. MCM is a wholly-owned subsidiary of Encore Capital Group, L.P. ("Encore"). MCM is a corporation chartered in Kansas with its principal place of business located in San Diego, California. Encore is a corporation chartered in Delaware with its principal place of business located in San Diego, California. The citizenship of an LLC is determined by the citizenship of its members. *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015).

16. Accordingly, MCM does not have citizenship in West Virginia for purposes of diversity; therefore, minimal diversity is met. *See* 28 U.S.C. § 1332(d)(2)(A).

**B. <u>Size of Purported Class Exceeds 100 Members</u>**

17. Pursuant to CAFA, there must be at least 100 members in a proposed class for the federal court to have original jurisdiction. *See* 28 U.S.C. § 1332(d)(5)(B).

18. The putative class has a minimum of 100 members. Plaintiff seeks to represent a statewide class of individuals whom "were sent collection letters on or after August 28, 2020, by MCM where the alleged debt sought to be collected was beyond the applicable statute of limitations for filing a legal action . . ." *See* **<u>Ex. A</u>**, Compl. ¶ 9. Further, Plaintiff alleges that the "class is so numerous that joinder of all members is impracticable." *See* **<u>Ex. A</u>**, Compl. ¶ 12.

19. MCM has identified at least 100 members of the purported class.

20. Thus, based on the purported class definition in the Complaint, the 100-member threshold required by CAFA is satisfied.

**C. <u>Amount in Controversy Exceeds $5,000,000</u>**

21. This action also satisfies the amount in controversy requirement of 28 U.S.C. § 1332(d)(2).[1]

22. Plaintiff seeks, amongst other things, to recover, for herself and the putative class members, statutory penalties, actual and compensatory damages, attorneys' fees and the costs of this action. *See* **<u>Ex. A</u>**., Compl. at "Demand for Relief."

23. The Complaint alleges that MCM violated the WVCCPA when it sent a letter to Plaintiff dated February 7, 2024, to collect a debt, when the debt was beyond the statute of limitations for filing legal action for collection. *See* **<u>Ex. A</u>**, Compl. ¶ 6.

---

[1] By statute, interest and costs are excluded from the calculation of the jurisdictional amount under CAFA. *See* 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.").

24. Plaintiffs alleges that such letters are violations of the WVCCPA. Specifically, Plaintiff alleges that such letters violate W. Va. Code §§ 46A-2-128(f), -125, -127(d), and -124(f). *See* **Ex. A**, Compl. ¶ 25.

25. Accordingly, Plaintiff seeks statutory penalties pursuant to sections 46A-5-101(1) and -106. Although Plaintiff does not set forth a civil penalty amount, the civil penalty is approximately $1,000.00. *See* W. Va. Code §§ 46A-5-101. Pursuant to W. Va. Code § 48A-5-106, such penalty is adjusted for inflation from September 2015. Accordingly, pursuant to the Consumer Price Index Inflation Calculator, each violation would carry a statutory penalty of approximately $1,340.99.[2]

26. Upon review of its business records, MCM has identified at least 3,800 letters during the class period in the same form as the letters sent to Plaintiff described in Paragraph 6 of the Complaint.

27. Multiplying Plaintiff's requested statutory penalty amount by the number of letters during the class period shows that aggregate damages in controversy exceed $5 million, exclusive of costs and interests. The amount of alleged statutory penalties exceeds the $5 million jurisdictional threshold under CAFA (3,800 x $1,340.99 = $5,095,762).

28. Thus, statutory penalties alone exceed the $5,000,000 jurisdictional amount. This calculation does not include Plaintiff's allegations of compensatory damages and attorney's fees requested in the Complaint. Accordingly, this case qualifies for federal diversity jurisdiction under CAFA and is properly removable.

---

[2] CPI Inflation Calculator, Bureau of Labor Statistics, U.S. Dep't of Labor, available at https://www.bls.gov/data/inflation_calculator.htm (last visited on March 26, 2025)

## III. ADDITIONAL REQUIREMENTS FOR REMOVAL

29. Venue is proper in this Court because it is the District and Division embracing the place where the State Court Action is pending pursuant to 28 U.S.C. § 1441(a). This action is being removed from the Wayne County Circuit Court, which lies within the Southern District of West Virginia, Huntington Division. *See* 28 U.S.C. §§ 93(a), 1441(a) and 1446(a).

30. Pursuant to 28 U.S.C. § 1446(d), copy of MCM's Notice of Filing of Notice of Removal is being filed contemporaneously with the Clerk of the Circuit Court of Wayne County, West Virginia. A true and correct copy of the Notice of Filing of Notice of Removal, without exhibits, is attached as **Exhibit B**.

WHEREFORE, Defendant Midland Credit Management, Inc. respectfully gives notice that this action is hereby removed from the Circuit Court of Wayne County, West Virginia to the United States District Court for the Southern District of West Virginia, Huntington Division.

Dated: March 28, 2025

**MIDLAND CREDIT MANAGEMENT, INC.**

By: /s/ *Jason E. Manning*
Of Counsel

John C. Lynch (WV Bar No. 6627)
Jason E. Manning (WV Bar No. 11277)
Jonathan M. Kenney (WV Bar No. 12458)
TROUTMAN PEPPER LOCKE LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7500
Facsimile: (757) 687-7510
Email: john.lynch@troutman.com
E-mail: jason.manning@troutman.com
E-mail: jon.kenney@troutman.com

*Counsel for Defendant Midland Credit Management, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of March 2025, I electronically filed the foregoing *Notice of Removal* with the Clerk of the Court using the CM/ECF System. I further certify that a true and correct copy of the foregoing was also served via e-mail to:

Benjamin M. Sheridan, Esq.
Jed R. Nolan, Esq.
KLEIN & SHERIDAN, LC
3566 Teays Valley Road
Hurricane, WV 25526
ben@kleinsheridan.com
jed@kleinsheridan.com

Patricia M. Kipnis, Esq.
Bailey & Glasser LLP
923 Haddonfield Road, Suite 300
Cherry Hill, New Jersey 08002
pkipnis@baileyglasser.com

Jonathan Marshall, Esq.
Denali Hedrick, Esq.
Bailey & Glasser LLP
209 Capitol Street
Charleston, WV 25301
jmarshall@baileyglasser.com
dhedrick@baileyglasser.com

/s/ *Jason E. Manning*
Jason E. Manning (WV Bar No. 11277)